UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF WILLIAM D. PILGRIM, et al.**<br><br>Plaintiffs,<br><br>vs.<br><br>**GENERAL MOTORS LLC, et al.**<br><br>Defendants. | 2:20-CV-10562-TGB-DRG<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs have filed a motion seeking leave to file an amended complaint pursuant to Fed. R. Civ. P. 15. For the reasons that follow, their motion is **GRANTED**, and the amended complaint attached will be accepted for filing as the First Amended Complaint in this case.

## I.  BACKGROUND

Plaintiffs seek to represent a putative class of purchasers and lessees of certain General Motors vehicles. These vehicles allegedly suffer from valve defects that can lead to catastrophic engine failure. ECF No. 15, PageID.602. Their original Complaint was filed on March 3, 2020. ECF No. 1. It alleges fifty-five claims under federal law, state common

1

law, and state statutes on behalf of forty-two named plaintiffs, and also proposes that the plaintiffs represent a nationwide class and twenty state-specific sub-classes. *Id.* at PageID.3-6, 11-23, 25-27. Defendant GM filed a motion to dismiss in response. ECF No. 11.

Plaintiffs now seek to amend their Complaint. Specifically, the proposed First Amended Complaint contains the following changes:

- Additional "factual underpinnings" for state class claims;
- Two new named plaintiffs; and
- Eight new claims specific to the California and Oklahoma sub-classes "based on the same factual allegations regarding Defendant's course of conduct originally pleaded."

ECF No. 15, PageID.15.

The motion has been fully briefed. Although it was originally scheduled for oral argument, the Court concludes that it may be decided on the briefs alone.

## II. STANDARD OF REVIEW

A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2). However, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* The decision to grant or deny a motion to amend a pleading is within the sound discretion of the Court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

The standard for granting a motion for leave to amend a complaint is liberal. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Amendments should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). They should also not be permitted if the complaint could not survive a motion to dismiss. *Neighborhood Dev.*, 632 F.2d at 23. But the underlying motivation behind allowing amendments is that "cases should be tried on their merits rather than on the technicalities of pleadings," and this motivation must inform the Court's decision. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

### III. ANALYSIS

Defendant GM[1] does not reference bad faith, undue delay, or prejudice in its opposition to the motion. Instead, it seems to focus on "futility of amendment," naming six grounds from its motion to dismiss and alleging that Plaintiffs' proposed amendments would not cure any of those deficiencies. ECF No. 16, PageID.923.

---

[1] Although the Complaint is also brought against certain currently anonymous "John Doe" defendants, for the sake of efficiency the Court will refer to "Defendant GM" as representing all the defendants.

The Court finds it unnecessary at this stage to delve into the specifics of each of these grounds because the probability that *all* the proposed amendments are futile or that *none* the claims in the amended complaint will survive a motion to dismiss is very low. This kind of large, complicated, and unwieldy class action against a major automobile manufacturer is unfortunately quite familiar to this Court and becoming all too common in this district. *See, e.g.*, *Francis v. Gen. Motors, LLC*, No. 19-11044, 2020 WL 7042935 (E.D. Mich. Nov. 30, 2020); *Bledsoe v. FCA US LLC*, 378 F. Supp. 3d 626 (E.D. Mich. 2019); *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 755 (E.D. Mich. 2019), *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 784 (E.D. Mich. 2019). The Court plans to hear oral argument regarding any motion to dismiss, at which time it will fully address all of GM's contentions. Allowing amendment at this stage will only effectuate a more thorough review of GM's arguments for dismissal.

GM notes that granting this motion will result in a "duplicative round of briefing." ECF No. 16, PageID.926. But that argument cuts in Plaintiffs' favor. GM concedes that "the core factual allegations in the proposed amended complaint are unchanged." *Id.* at PageID.925. Assuming it chooses to re-file its motion to dismiss, GM will not suffer any undue prejudice. It may easily and efficiently adjust its arguments as may be appropriate while simply restating those that may still apply.

The Court finds that granting Plaintiff leave to file a first amended Complaint is appropriate. There is no evidence of undue delay, lack of

notice, bad faith, repeated failure to cure deficiencies, or undue prejudice to Defendant. The factual and legal allegations in the proposed First Amended Complaint are largely the same as those in the original Complaint. The amendments proposed will allow the Court to more fully evaluate Plaintiffs' contentions "on the merits" all at once, a significant advantage in these cases. Allowing amendment at this stage is also in line with this Circuit's practice of liberally granting leave to amend.

## CONCLUSION

Plaintiff's motion for leave to file a First Amended Complaint (ECF No. 15) is **GRANTED** and the Complaint attached to the motion as Exhibit 1 is accepted for filing. Because it is no longer responsive to the operative complaint, Defendant's motion to dismiss (ECF No. 11) is moot and therefore **DENIED WITHOUT PREJUDICE.** Defendant is hereby **ORDERED** to respond to the First Amended Complaint within 21 days of the date of this Order, or by any date to which the parties mutually agree to stipulate, not later than 45 days from the date of this Order.

**SO ORDERED** this 16th day of February, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge