UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF WILLIAM D. PILGRIM,** *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> **GENERAL MOTORS LLC,** <br><br> Defendant. | 2:20-CV-10562-TGB-DRG <br><br> **ORDER REGARDING MOTION FOR SUBSTITUTION OF A PARTY (ECF NO. 36)** |

On October 19, 2022, Plaintiffs' counsel filed a Suggestion of Death, notifying the Court that Plaintiff John LeBar passed away during the pendency of this action. (ECF No. 35.) That same day, counsel also filed a Motion for Substitution, asserting that Mr. LeBar's claims were not extinguished by his death and stating that Mr. LeBar's estate is being administered by his wife, Linda LeBar. The motion asks the Court to enter an order substituting her into the action in Mr. LeBar's place. (ECF No. 36.) Defendant has not responded to the motion in the time allotted by Local Rules. *See* L.R. 7.1(e)(1)(a).

Under Federal Rule of Civil Procedure 25(a), if a party dies and the claim is not thereby extinguished, the Court may order substitution of proper parties. Rule 25(a)(1) permits a motion for substitution to be made "by any party or by the decedent's successor or representative … within 90 days after service of a statement noting the death." Two steps are required for a proper substitution: first, the suggestion of death must be

1

made upon the record; second, the motion for substitution must be served upon the other parties as provided in Rule 5 and any interested non-parties—critically, the deceased's proposed successor—in conformance with Rule 4.[1] *See* Fed. R. Civ. P. 25(a)(3); *Jenkins v. Macatawa Bank Corp.*, 2007 WL 737746, at *2 (W.D. Mich. Mar. 7, 2007); *see also Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008) (explaining that "service on whoever is identified as the decedent's representative or successor … protects the nonparty from finding himself (in this case herself) in a situation in which a lawyer for someone else (the decedent) has thrust him into a case that he would rather not be in, or at least not as the client of this lawyer").

---

[1] The Court notes that there is apparent disagreement among the circuits over when the 90-day clock begins to run. *Compare Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (explaining that, for 90-day clock to begin running, an obviously interested party—like a proposed successor—must be served), *with Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021) (disagreeing that statement of death needs to be served both on parties of record and the decedent's nonparty representative to trigger 90-day period). There is additional disagreement regarding what information a party must supply in a suggestion of death. *Compare Kotler*, 986 F.3d at 154 (suggesting that statement of death need not identify the representative to be legally sufficient); *with Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio Nov. 8, 1995) ("The law is well settled that the Suggestion of Death must identify the successor or representative of the deceased.")

The Sixth Circuit does not appear to have spoken conclusively on either of these issues. The Court need not reach them as any apparent procedural defects here may easily be cured as ordered below.

Plaintiffs' motion identifies Mr. LeBar's wife as his proposed successor. As an attachment, the motion includes a certificate of service, stating that it has been "electronically filed … with the Clerk of the Court using the ECF system which will send electronic notices of the same to all counsel of record." But there is no indication that the motion—or the suggestion of death—has been properly served upon Linda LeBar. The motion therefore does not comply with the requirements of Rule 25(a)(1).

To prevent dismissal of Mr. LeBar's claims, Plaintiffs are **ORDERED** to perfect service on Mr. LeBar's proposed successor, Linda LeBar, in conformance with Rule 4 within 14 days of the entry of this order. Plaintiffs are further **ORDERED** to supplement the record with Mr. LeBar's Certificate of Death, a Letter of Appointment showing that Linda LeBar has been appointed to administer the estate, proof of service showing that Linda LeBar has been served with the suggestion of death and motion for substitution, and an affidavit confirming that Linda LeBar is also represented by Plaintiffs' counsel of record.

**IT IS SO ORDERED** this 6th day of December, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3